IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARTIN P. SHEEHAN, Trustee of**
**Bankruptcy Estate of Benjamin**
**F. Warner, Sr.,**

      **Plaintiff,**

v.        //    CIVIL ACTION NO. 1:11CV193
                (Judge Keeley)

**KARL K. WARNER, ELIZABETH ANN**
**WARNER, KRISTIAN E. WARNER, Sr.,**
**ANDREW M. WARNER, MONROE P. WARNER,**
**and GEORGE B. WARNER, Sr.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [DKT. NO. 13], DENYING MOTION FOR SANCTIONS [DKT. NO. 25], AND DENYING AS MOOT MOTION TO DISMISS MOTION FOR SANCTIONS [DKT. NO. 26]**

Before the Court are the motions to dismiss for lack of jurisdiction (dkt. no. 13) and to impose sanctions (dkt. no. 25) filed by the defendants, Karl K. Warner, Elizabeth Ann Warner, Kristian E. Warner, Sr., Andrew M. Warner, Monroe P. Warner, and George B. Warner, Sr. (collectively "the defendants"), and the motion to dismiss the motion for sanctions (dkt. no. 26) filed by the plaintiff, Martin P. Sheehan, trustee of the Bankruptcy Estate of Benjamin F. Warner, Sr. ("Sheehan" or "the trustee"). For the reasons discussed below, the Court **DENIES** the defendants' motion to dismiss and motion for sanctions and **DENIES AS MOOT** the plaintiff's motion to dismiss the motion for sanctions.

**SHEEHAN V. WARNER, ET AL.**                                    **1:11CV193**

**MEMORANDUM OPINION AND ORDER**

**I.**

This case has its genesis in an adversary proceeding commenced in bankruptcy court. On April 22, 2010, Benjamin F. Warner ("the debtor") filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of West Virginia. Sheehan was subsequently appointed as the bankruptcy estate's trustee and, on July 30, 2010, he filed an adversary proceeding against Karl K. Warner in bankruptcy court. That proceeding, which largely concerned the debtor's interest in a West Virginia limited liability company known as McCoy Farms, LLC ("McCoy Farms"), concluded with a determination that the debtor "held a one-sixth membership interest in McCoy Farms," which is "property of the Debtor's bankruptcy estate." Sheehan v. Warner, No. 1:10AP100, (Dkt. No. 57 at 4) (Nov. 29, 2011). The adversary proceeding closed on December 19, 2011.

The trustee filed the instant case on December 2, 2011, invoking this Court's jurisdiction over bankruptcy-related matters pursuant to 28 U.S.C. § 1334. The complaint seeks a declaration of the rights of the bankruptcy estate under the relevant Operating Agreement for McCoy Farms, the dissolution of that entity, and the liquidation and distribution of its assets. The defendants, all of whom hold an interest in McCoy Farms, moved to dismiss this case

and to sanction the trustee. Sheehan responded by moving to dismiss the defendants' motion for sanctions. These motions are now ripe for the Court's review.

**II.**

The threshold question is whether the Court has federal subject matter jurisdiction in this case. Accordingly, it turns first to the defendants' motion to dismiss.

**A.**

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the Court lacks jurisdiction over the subject matter of a lawsuit. When a defendant challenges the existence of subject matter jurisdiction, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (internal quotation marks and citations omitted). The Court may consider evidence outside of the pleadings, whether by affidavit, deposition, or live testimony, without converting the motion into one for summary judgment. Id. The burden is on the plaintiff to prove that subject matter jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009)

(plaintiff must prove jurisdictional facts "by a preponderance of the evidence").

**B.**

Federal district courts have "original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). Federal jurisdiction over proceedings brought pursuant to 28 U.S.C. § 1334 can thus be divided into three categories: "[1] those that 'aris[e] under title 11'; [2] those that 'aris[e] in' a Title 11 case; and [3] those that are 'related to a case under title 11.'" Stern v. Marshall, --- U.S. ----, 131 S.Ct. 2594, 2603 (2011) (quoting 28 U.S.C. § 157(a)); see also In re Jones, 397 B.R. 775, 780 (S. D. W. Va. 2008). The trustee argues that "this litigation is within the 'related to' jurisdiction of 28 U.S.C. § 1334." (Dkt. No. 16 at 3).

Federal jurisdiction in bankruptcy matters is "comprehensive," so that courts "'might deal efficiently and expeditiously with all matters connected to the bankruptcy estate.'" Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984)). Accordingly, "[t]he 'related to' language of § 1334(b) must be read to give district courts . . .

jurisdiction over more than simple proceedings involving the property of the debtor of the estate." Id. A civil proceeding is "related to" a case under Title 11 when

> the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Therefore, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate.

Valley Historic Ltd. P'ship v. Bank of New York, 486 F.3d 831, 835 (4th Cir. 2007) (internal quotation marks and citations omitted); see also A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1002, n.11 (4th Cir. 1986) (citing Pacor 743 F.2d at 994).

Here, the trustee seeks a declaration of the rights of the debtor's bankruptcy estate under the operating agreement of McCoy Farms, as well as the liquidation and distribution of that entity's assets. This suit impacts "the rights, liabilities, options or freedom of action" of the trustee (and consequently, the debtor) to the assets of McCoy Farms. Valley Historic Ltd. P'ship, 486 F.3d at 835. Moreover, the outcome of this case may have a substantial impact on the assets available for distribution to creditors of the bankruptcy estate. See In re Jones, 397 B.R. at 782 (finding "related to" jurisdiction where a civil action could "conceivably impact[] . . . the bankruptcy estate if [it] reduced the assets

available for distribution to creditors of the estate"); cf. In re NWFX, Inc., 881 F.2d 530, 532 (8th Cir. 1989) (finding "related to" jurisdiction where the action would "impact the assets of the bankruptcy estate and the funds available for distribution"). Accordingly, because this claim "relates to" a Title 11 case, the Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and **DENIES** the defendants' motion to dismiss.

### III.

The defendants also filed a motion for Fed. R. Civ. P. 11 sanctions against Sheehan, arguing that sanctions are appropriate because the Court does not have subject matter jurisdiction over this case and the plaintiff's legal claims have no basis in law. (Dkt. No. 25 at 3). The trustee responded by moving to dismiss the motion, noting that the defendants had not complied with the procedural prerequisites for seeking sanctions. (Dkt. No. 26 at 1-2). The defendants, without further elaboration, characterized this argument as "indefinable." (Dkt. No. 28 at 2).

Fed. R. Civ. P. 11 states in pertinent part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another

6

> time the court sets. If warranted, the court may award to
> the prevailing party the reasonable expenses, including
> attorney's fees, incurred for the motion.

The requirements of this rule are straightforward: "The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 389 (4th Cir. 2004). These obligations are mandatory, such that "failure to comply with the procedural requirements precludes the imposition of the requested sanctions." Id. (citations omitted). Furthermore, it is beyond peradventure that the defendants did not comply with this Rule.

As the defendants' motion for sanctions is substantively frivolous as well as procedurally defective, the Court **DENIES** their motion and consequently **DENIES AS MOOT** the plaintiff's motion to dismiss the motion for sanctions.[*]

---

[*] Notably, a motion to dismiss is an improper vehicle for opposing the defendants' motion; a Fed. R. Civ. P. 12(b) motion to dismiss applies only to a claim for relief in a "pleading," and the motion for sanctions is, manifestly, not a pleading.

**IV.**

In conclusion, for the reasons discussed, the Court **DENIES** the defendants' motion to dismiss for lack of jurisdiction (dkt. no. 13); **DENIES** the defendants' motion for sanctions (dkt. no. 25); and **DENIES AS MOOT** the plaintiff's motion to dismiss motion for sanctions (dkt. no. 26).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: April 23, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE